**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **In the Matter of**: } | |
| } | Case No. 3:21-bk-30321 |
| Diana J. Bunn } | |
| } | Chapter 13 |
| } | |
| **Debtor** } | Judge Humphrey |

Diana J. Bunn
57 N. Cherrywood Avenue
Dayton, OH  45403

    Plaintiff,                                     ADV. NO. _____

-vs-

Lone Star Funds
CEO Michael King
2711 N. Haskell Ave. #1700
Dallas, TX 75204

Accredited Home Lenders Inc
c/o Mortgage Electronic Registration Systems
Bill Beckmann President
1901 E. Voorhees St. Ste. C
Danville, IL 61834

Mortgage Electronic Registration Systems
c/o CT Corporation Systems
4400 Easton Commons Way Ste. 125
Columbus, OH 43219

Lone Star Funds
2711 N. Haskell Ave. #1700
Dallas, TX 75204

Accredited Home Lenders Inc
c/o Mortgage Electronic Registration Systems
1901 E. Voorhees St. Ste. C
Danville, IL 61834

Accredited Home Lenders Inc
c/o Mortgage Electronic Registration Systems
961 Weigel Drive
Elhurst, IL 60126

    Defendants.

**COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN AND TO AVOID THE MORTGAGE LIEN**

The Plaintiff, Diana J. Bunn, through assigned authority from the Chapter 13 Trustee, John G. Jansing, for this Complaint against the Defendant, alleges and follows:

### PARTIES

1. Plaintiff, Diana J. Bunn, is a resident of Montgomery County and filed a Petition (Bankruptcy Case Number 21-30321) on March 4, 2021.

2. Defendant, Accredited Home Lenders, Inc. (hereafter, "Accredited") was a corporation which was incorporated in the State of California. Accredited filed for bankruptcy May 1, 2009, in the United States Bankruptcy Court for the District of Delaware (Case No 09-11516). Accredited has been dissolved with the State of California.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §1334, Bankruptcy Code sections 105, 544, and 550, Rule 7001(2) of the Federal Rules of Bankruptcy Procedure and §5303.01 of the Ohio Revised Code.

4. This matter is a core proceeding as that term is defined in 28 U.S.C. §157 and arises in and is related to the Plaintiff's Chapter 13 bankruptcy case, *in re: Bunn,* Case No. 21-30321 (the "Bankruptcy Case"), which was filed pursuant to Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§101-1330) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, The Honorable Judge Guy R. Humphrey presiding (the "Court").

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a) and Rule 1071-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Ohio.

6. The Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure and as a result of the Defendant conducting business within the jurisdiction of the Court.

### FACTS COMMON TO ALL COUNTS

7. On March 4, 2021 (the "Petition Date"), the Debtor, Diana J. Bunn, commenced the Bankruptcy Case by filing a voluntary petition for relief under the Bankruptcy Code.

1. On or about March 4, 2021, the Court entered an Order appointing John G. Jansing as the Chapter 13 Trustee for the Debtor. The Chapter 13 Plan filed under BACPA was filed on March 9, 2021 as Doc. No. 8, an Amended Chapter 13 Plan was filed May 3, 2021 as Doc. 17 and, as yet still needs to be confirmed. The Plan provides the Debtor the authority and standing to file this adversary proceeding; to the extent that the Trustee has standing to bring such actions, standing is hereby assigned to the Debtor. The plan provides that the Accredited Home Lenders, Inc Mortgage shall be paid concurrent with

|   |   |
|---|---|
|   | Claim 5 general unsecured claims.  See Amended Plan filed May 3, 2021, Bk Case Doc. No. 17. |
| 2. | One of the assets of this estate is the Debtor's fee simple interest in real property located at 57 N. Cherrywood Ave, Dayton, OH 45403 (the, "Real Estate") with a legal description. See *Exhibit A* attached hereto and incorporated herein by reference. |
| 3. | On or about August 12, 2005, the Debtor executed two mortgages on the Real Estate in favor of Accredited Home Lenders, Inc, c/o Mortgage Electronic Registration Systems, (hereafter, "MERS") as a nominee for Lender and Lender's successors and assigns (the "Mortgagee") that conveyed to the Mortgagee a first and second mortgage on the Real Estate (the "Mortgages"). Said Mortgages were recorded on the Office of the Recorder, Montgomery County, Ohio on September 12, 2005, as instrument numbers MORT-05-091861 & MORT-05-091865 respectively. |
| 4. | On May 9, 2011, a Certificate of Release was recorded in the Office of the Recorder, Montgomery County, Ohio releasing the first mortgage, instrument NO. 05-091864.  See *Exhibit B* attached hereto and incorporated herein by reference. |
| 5. | To date no assignments of mortgage has been filed in the case and the creditor has not contacted the Debtor to collect on this loan or provided any statements to the Debtor regarding outstanding balances since the first mortgage was released. |
| 6. | The Debtor's counsel has researched a merger of Accredited Home Lenders with Lone Star Funds and was advised after calling Loan Star Funds that the mortgages are no longer with them and they have no further information regarding the mortgage or who it may have been sold to. |
| 7. | The Debtors counsel went on to the Mortgage Electronic Registration website and searched their registration for the property address to see who was given the mortgages. The records show that Wells Fargo was servicing the mortgage prior to the time when the Debtor was the deeded owner of the property.  On August 12, 2005 the mortgage was assigned to two different Mortgage Servicers, Wiltshire Credit Corp (hereafter "Wiltshire") and Select Portfolio Services (hereafter, "Select"), however both of these mortgages are showing as inactive on MERS online system.  The Debtor's counsel reached out to both Wiltshire and Select and were advised by both companies that they have no record of the mortgage in their systems. |

**COUNT ONE**
**Determination of Validity and Extent of Lien**

|   |   |
|---|---|
| 8. | The Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully rewritten herein. |
| 9. | It is necessary to determine the rights and claims, if any, of the Defendant with respect to the Real Estate in order to fully and properly administer for the benefit of the Debtor's estate. |
| 10. | The Defendant may have or claim an interest in the Real Estate.  The Defendant should be required to answer and assert whatever interest or interests it may have in the Real Estate, or the proceeds thereof, or be forever barred from asserting any lien, claim or interest in and to the Real Estate or the proceeds thereof. |

11. The Plaintiff is entitled to a determination, pursuant to 11 U.S.C. §506(d) as to whether any claimed lien of the Defendant may be allowed as a secured claim.

## COUNT TWO
### Avoidance of Mortgage Pursuant to Bankruptcy Code Section 544(a)(3)

12. The Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully rewritten herein.

13. The Plaintiff asserts that the Defendant's Mortgage recorded as instrument no. MORT-05-091864 (the "First Mortgage") is avoidable pursuant to Bankruptcy Code §544(a)(3), because the First Mortgage was released in the County Recorder's Office. The First Mortgage is insufficient to put interested parties on notice of an encumbrance on the Real Estate because it has been released of record with the Montgomery County Recorder's Office.

14. The Plaintiff has, as of the commencement of the Debtor's Bankruptcy case and pursuant to 11 U.S.C. §544, the rights and powers of and may avoid any transfer of property of the Debtor that is avoidable by, a judicial lien creditor, a creditor with an unsatisfied execution, or a *bona fide* purchaser of real property.

15. The First Mortgage was released in the Montgomery County Recorder's Office and is therefore subject to avoidance by the Trustee as a *bona fide* purchaser, pursuant to 11 U.S.C. §544(a)(3). The Trustee's power is assigned to the Debtor through the plan.

16. The Plaintiff, as a bona fide purchaser, is entitled to judgment against the Defendant avoiding the First Mortgage pursuant to 11 U.S.C. §544(a)(3).

## COUNT THREE

17. The Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully rewritten herein.

18. The Plaintiff asserts that the Mortgage recorded as instrument no. MORT-05-091865 (the "Second Mortgage") shall be considered null and void and cancelled of record due to the abandonment of the Defendant, pursuant to O.R.C. §5303.01.

19. The Defendant filed their own bankruptcy, is no longer reporting this liability to the credit reporting agencies, is no longer collecting on this debt, and has failed to file a proof of claim asserting an interest in the property.

20. The Debtor's counsel has researched a merger of Accredited Home Lenders with Lone Star Funds and was advised after calling Loan Star Funds that the mortgages are no longer with them and they have no further information regarding the mortgage or who it may have been sold to.

21. The Debtors counsel went on to the Mortgage Electronic Registration website and searched their registration for the property address to see who was given the mortgages. The records show that Wells Fargo was servicing the mortgage prior to the time when the Debtor was the deeded owner of the property. On August 12, 2005 the mortgage was

    assigned to two different Mortgage Servicers, Wiltshire Credit Corp (hereafter "Wiltshire") and Select Portfolio Services (hereafter, "Select"), however both of these mortgages are showing as inactive on MERS online system. The Debtor's counsel reached out to both Wiltshire and Select and were advised by both companies that they have no record of the mortgage in their systems.

22. The Second Mortgage remains unsatisfied of record and constate a cloud on Plaintiff's title to the Real Estate.

23. The Plaintiff is requesting an Order from the Court determining that the Defendants Second Mortgage is null and void and may be removed from the Debtor's Real Estate upon the discharge of Debtor's Chapter 13 case.

**WHEREFORE**, the Plaintiff respectfully requests this Court to ender an ORDER granting the following relief:

(a) On Count I of this Complaint, a judgment determining the validity and extent of the claimed lien of the Defendant pursuant to 11 U.S/C. §506(d); and

(b) On Count II of this Complaint, judgment against the Defendant avoiding the Mortgage recorded as instrument no MORT-05-091864 pursuant to 11 U.S.C. §544(a)(3); and

(c) On Count III of this Complaint, an Order determining that the Defendant's Second Mortgage MORT-05-091865 is void and shall be avoided upon the Plaintiff's Discharge and that the plaint shall be permitted to file a copy of this Order in the Montgomery County, Ohio Recorder's office as proof that said mortgage has been released; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: May 28, 2019

/s/ Christopher S. Owen
Christopher S. Owen #0080766
Attorney for Debtor Diana J. Bunn
Arthur Law Office
4630 Salem Ave
Dayton, Ohio 45416
(937) 278.9333
(937) 278.6974 (Fax)
arthurlawoffices2@gmail.com